Guy C. Rogers, Defendant in Error, v. Albert N. Guthrie, Plaintiff in Error. Consolidated with Albert N. Guthrie v. Guy C. Rogers.

Opinion filed February 1, 1932.

CURTIS' WILLIAMS and CONRAD SCHUL, for plaintiff in error.

E. M. PEAVLER, for defendant in error.

MR. JUSTICE FULTON delivered the opinion of the court.

Defendant in error filed a bill in chancery against plaintiff in error for an accounting and a dissolution of an alleged partnership. Shortly after, the plaintiff in error brought a suit in replevin against defendant in error for some cattle and both suits were returnable at the same term of the circuit court.

The parties to the suits are brothers-in-law and by agreement of both, the two suits were consolidated and referred to the master in chancery to hear proofs and report his conclusions.

The proof shows that on or about October 25, 1924, defendant in error Rogers moved to a small farm owned by plaintiff in error Guthrie. Rogers took with him his household goods, three cows and a couple of horses. About January 1, 1925, the parties entered into an arrangement whereby Guthrie was to furnish the farm and the capital and Rogers was to do the work and furnish the feed for the cows. Rogers was to receive 60 per cent of the profits derived from a milk or dairy business and Guthrie the remaining 40 per cent. Shortly afterwards Rogers became dissatisfied with this contract and they entered upon a new agreement, whereby Rogers was to receive 75 per cent of the profits and Guthrie 25 per cent.

About July 1, 1925, Rogers became dissatisfied with this arrangement and announced that he was getting nothing out of the business. After that and up until about April 1, 1928, Rogers remained on the farm under the rather indefinite understanding that he was to go ahead and turn over to Guthrie what he could.

Rogers milked the cows, marketed the milk, took out of the proceeds sufficient to support himself, wife and six children and turned over various amounts to Guthrie at irregular intervals.

Guthrie furnished the farm, paid the taxes, both real and personal, furnished the cows, bought hogs for the place and furnished the capital for running the business. Rogers kept no books and his testimony as to dates and amounts was either from memory or from memoranda made long after the transactions occurred. Guthrie kept books on the amounts he received and paid out, but had no detailed account of the business affairs. After Rogers left the farm he had a meeting with Guthrie and no settlement was made of their partnership affairs, although Guthrie claimed that Rogers owed him $363.96.

The master heard the proofs and found that a partnership existed; attempted to state an account; found that Rogers was entitled to $75 per month for work and labor; that he was entitled to one-half of the cattle and the hogs and that he should be charged with $30 per month for the support of himself and his family. With slight variations the circuit court approved the master's report and entered a decree in accordance with the same.

There is no evidence upon which to sustain or base the finding of the master that allowed Rogers $75 per month for work and labor, or to charge him $30 per month for the support of himself and family. Neither is there any evidence that warrants finding one-half of the cattle and hogs to belong to Rogers. Indeed, the evidence leaves the partnership accounts in such doubt and uncertainty that it is impossible from the record to determine the true state of the account, or to do justice between the parties. It is apparent that the master did his best to state an account and to do justice between the parties, but it is equally apparent that his

conclusions are largely the result of conjecture, and an anxiety to adjust the controversy, rather than to state an exact account. In the case of *Donaldson v. Donaldson,* 237 Ill. 318, the court said, ''In a case of this kind, if the evidence leaves the state of the account in such doubt and uncertainty that a court is unable to say whether anything is due from either partner, and how much, it is manifestly impossible to do justice between the parties and the only course open is to dismiss the bill for want of equity.''

There is nothing in the testimony of any witness that suggests an agreement whereby Rogers should acquire ownership to any portion of the cows.

For the reasons herein stated, the ownership of the cattle should be decreed to be in the plaintiff in error, and the bill of the defendant in error dismissed for want of equity.

*Reversed with instructions.*